RITTENHOUSE ASSOCIATES, INC.,
Plaintiff below, Appellant,

v.

FREDERIC A. POTTS AND CO., INC.,
et al., Defendants below, Appellees.

Supreme Court of Delaware.

Submitted Oct. 12, 1977.

Decided Dec. 16, 1977.

Michael D. Goldman and Daniel F. Wolcott, Jr. of Potter Anderson & Corroon, Wilmington, for plaintiff below, appellant.

John G. Mulford of Theisen, Lank & Mulford, Wilmington, for defendant below, appellee Frederic A. Potts and Co., Inc.

John T. Gallagher of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant below, appellee United States Borax & Chemical Corp.

Jeffrey M. Weiner of Bayard, Brill & Handelman, P.A., Wilmington, for defendant below, appellee Van Demark & Lynch, Inc.

Before DUFFY, Justice, and BROWN and HARTNETT, Vice Chancellors.

DUFFY, Justice:

In this litigation involving title to an easement and related matters, the Superior Court dismissed the complaint as to defendants Frederic A. Potts and Co., Inc. (Potts), United States Borax & Chemical Corporation (United States Borax), and Van Demark & Lynch, Inc. (Van Demark) for failure of plaintiff, Rittenhouse Associates, Inc. (Rittenhouse), to comply with discovery orders. That ruling is on appeal here.

I

Superior Court Rule 37(b)(2)(C) authorizes dismissal of an action when the complaining party fails to comply with court-ordered discovery. A default judgment may also be entered under the Rule for the same violation and, generally speaking, the standards for testing the propriety of either order are the same. For that reason, the governing law is found in *Sundor Electric, Inc. v. E. J. T. Construction Co., Inc.*, Del.Supr., 337 A.2d 651 (1975), wherein we held that:

"Judgment by default is, of course, the extreme remedy and generally speaking the Rule has been interpreted to require 'some element of wilfulness or conscious disregard of the order' before such a sanction is imposed. 4A Moore's Federal Practice (2d ed.) § 37.03[2.–5]." 337 A.2d at 652.

And on appeal, the issue is whether the Trial Court abused its discretion in ordering a dismissal. *Id.* at 652; Wright & Miller, *Federal Practice and Procedure:* Civil § 2284.

II

While it appears that plaintiff did indeed fail to comply with discovery orders and that sanctions were therefore appropriate, we conclude, under the facts in this case, that the extreme remedy of dismissal with prejudice is too punitive. That determination is based in large measure on a record which, fairly read, shows that counsel, not plaintiff, bears much if not all responsibility for failure to comply with the Superior Court orders.[1]

A disagreement developed between plaintiff's Delaware counsel and the Pennsylvania attorney who, apparently, made all contacts with the client. As a result of that conflict, certain discovery requests and orders to compel did not pass from local counsel to the Pennsylvania lawyer; the disagreement culminated in a withdrawal by Delaware counsel on the eve of the dismissals. That situation was described by the Trial Judge as "an abandonment of responsibility by counsel in this matter," a judgment which is supported by the present record. The Trial Court found that plaintiff was bound by its attorneys' neglect of duties and dismissed the complaint, thereby applying the general principle that a party is burdened with his attorney's errors. See *Gebhart v. Ernest DiSabatino & Sons, Inc.*, Del.Supr., 264 A.2d 157, 160 (1970).

That rule has its place in our practice but it is inappropriate in this instance where there is nothing to show "wilfulness or con-

---

1. The references in this opinion to plaintiff's counsel or to plaintiff's attorney do *not* refer to plaintiff's attorneys in this appeal.

scious disregard of the order[s]" by plaintiff, as stated in *Sundor*, except the conduct of the lawyers. Compare *Nat. Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), in which a dismissal for failure to comply with discovery orders was upheld because of both the party's own "flagrant bad faith" as well as the attorney's "callous disregard" of his duties. Requiring Rittenhouse to pay the price of dismissal for attorney faults would, on the facts before us, be unfair inasmuch as it would neither "penalize those whose conduct may be deemed to warrant such a sanction, . . . [nor] deter those who might be tempted to such conduct . . . ." *Nat. Hockey League v. Metro. Hockey Club, Inc.*, supra.

Our conclusion that dismissal is too harsh a sanction is further premised on the facts as to each default, the substance of which is set out in the footnote.[2] We note that five of the seven categories of documents to be produced under the Potts discovery order were matters of public record in the Office of the Recorder of Deeds, that plaintiff had arguably valid legal objections to the United States Borax interrogatories, and that plaintiff had filed answers to the Van Demark interrogatories before the dismissal order was entered.

## III

While we conclude that the moving defendants are not entitled to dismissals of the claims asserted against them, it does not follow that they are not entitled to any relief. Superior Court Rule 37(b), which we have quoted in part, provides for sanctions by the Court and concludes with these words:

"In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Given the neglect on the part of plaintiff and/or its attorneys in failing to make discovery and to comply with the orders of the Superior Court, the remand will include a direction to that Court to award to Potts, United States Borax and Van Demark, respectively, "counsel fees, court costs and any other expenses, including those incurred by this appeal, to which the Court, in its discretion, deems . . . [them] entitled, as a result of" plaintiff's failure to meet its obligations under the orders and the Rule. *Battaglia v. Wilmington Savings Fund Society*, Del.Supr., 379 A.2d 1132 (1977); *Sundor Electric, Inc. v. E. J. T. Construction Co., Inc.*, supra. The Court shall determine the amount of any such award and how it shall be apportioned, if at all, between plaintiff and plaintiff's attorneys.

\* \* \*

Reversed and remanded for proceedings consistent herewith.

---

**2.** As to defendant Potts: On November 5, 1976, the Superior Court ordered plaintiff to reply to interrogatories by November 17, to reply to a motion to produce by November 19, and to file a brief in response to Potts' motion to dismiss by November 19. On December 1, Potts filed a motion to dismiss for plaintiff's failure to comply with the Court's November 5 order. Plaintiff's Delaware counsel filed, on December 9, a motion to withdraw. On December 10, the Court entered an order dismissing the action with prejudice as to Potts.

As to defendant United States Borax: Plaintiff and Borax stipulated that plaintiff would answer interrogatories by September 30, 1976. On October 5, plaintiff filed answers to all but two questions in the set of interrogatories, raising legal objections thereto. Borax moved for further answers and plaintiff's local counsel agreed to provide them by December 3. On December 8, Borax filed a motion to dismiss which was granted with prejudice December 10.

As to defendant Van Demark: On November 22, 1976, this defendant filed a motion to compel answers to interrogatories. On December 10, the Court signed an order requiring answers by December 23. On December 27, Van Demark moved to dismiss and the motion was scheduled for January 7. Prior to that date plaintiff filed its answers but the Superior Court entered an order on January 7 dismissing the action against Van Demark.