**Prescott B. HOLT, Respondent Below, Appellant,**

v.

**Juanita D. HOLT, Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted on Briefs: July 14, 1983.

Decided: Feb. 22, 1984.

---

Michael F. McGroerty, Davis & McGroerty, Georgetown, for appellant.

Nicholas H. Rodriguez, Schmittinger & Rodriguez, P.A., Dover, for appellee.

Before HORSEY, MOORE and CHRISTIE, Justices.

MOORE, Justice:

In this appeal from a Superior Court order dividing certain marital property between the appellant, Prescott B. Holt (Dr. Holt), and the appellee, Juanita D. Holt (Mrs. Holt) we consider the propriety of discovery sanctions ordered by the trial judge against Dr. Holt, pursuant to Superior Court Civil Rule 37(b)(2), for Dr. Holt's wilful failure to answer interrogatories.[1] After final judgment was entered by the Superior Court, Dr. Holt moved for a re-

---

1. Superior Court Civil Rule 37(b)(2) is similar to Fed.R.Civ.P. 37(b)(2) and provides in pertinent part:

"(b)(2) Sanctions by Court. If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule or Rule 35, the Court may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B) and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto, the Court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that the other circumstances make an award of expenses unjust."

Del.Super.Ct.Civ.R. 37(b)(2).

hearing of the property division order and the discovery sanctions imposed against him. The application was denied in its entirety, and we affirm.

## I.

On September 25, 1973, Mrs. Holt filed for divorce in Superior Court, alleging incompatibility.[2] Dr. Holt, represented by counsel, contested the action. A *decree nisi* was entered in January 1974, which Dr. Holt successfully appealed. On remand to the Superior Court and after further testimony, the wife was again granted a *decree nisi.* Dr. Holt successfully appealed this order, and again, after consideration of additional evidence, Mrs. Holt, was awarded a *decree nisi.* In 1977, Dr. Holt, acting pro se filed a third appeal to this Court. Once more he was successful, and the matter was remanded for the taking of additional testimony. Again the trial court granted Mrs. Holt a *decree nisi,* and Dr. Holt, still acting pro se, filed a fourth appeal in 1980. During that appeal he disclosed that on December 22, 1976, prior to his third appeal, he had been granted a divorce on grounds of voluntary separation by the Superior Court of the District of Columbia, Family Division. The Delaware *decree nisi* was affirmed, and the case remanded for a division of marital property.

A hearing on that matter was scheduled for August 9, 1982. By letter from counsel for Mrs. Holt, dated May 24, 1982, the trial court was requested to order Dr. Holt to answer interrogatories originally filed on August 25, 1976. He had never responded to this discovery, although the interrogatories had then been outstanding for almost six years. Counsel for Mrs. Holt made a second request by letter dated July 14, 1982, and filed a Motion to Compel Discovery on July 15, 1982. The Superior Court fixed September 20, 1982 as the deadline for answering the interrogatories. On September 17, 1982, counsel for Mrs. Holt wrote Dr. Holt that unless the answers were timely filed, there would be an immediate application for sanctions. Dr. Holt did nothing. On October 13, 1982, the Superior Court informed Dr. Holt by letter that if the interrogatories were not answered by October 20, 1982, his answer to the complaint would be stricken and the property division issues heard on an uncontested basis.

Dr. Holt again failed or refused to answer the interrogatories, and at the October 27, 1982 property division hearing, the Superior Court struck his answer to the complaint, and heard evidence only from Mrs. Holt.[3] After the hearing Dr. Holt retained counsel, answered the interrogatories, and requested a new trial which the Superior Court denied. In the property division matter the trial judge ordered that certain real estate be sold and the proceeds divided equally, that Mrs. Holt's legal expenses be paid from Dr. Holt's share of the sale proceeds, that Dr. Holt and Mrs. Holt be charged with having received $121,633.89 and $3,598.50, respectively, in other marital property, and that this property be divided equally. Dr. Holt appeals.

## II.

Dr. Holt, now represented by counsel, argues that the Superior Court abused its discretion in restricting his participation in

---

**2.** Since this action was filed prior to the transfer of the Superior Court's divorce jurisdiction to the Family Court in 1975, it has proceeded as a Superior Court matter in accordance with 60 Del.Laws, Ch. 297, section 18.

**3.** At the commencement of the hearing, the following colloquoy occurred between counsel for Mrs. Holt and the Superior Court:

THE COURT: The Interrogatories still have to be answered; correct?

MR. RODRIGUEZ: That's correct.

THE COURT: Although respondent's pleadings are ordered stricken he can stay if he pleases but he cannot participate or say anything.

After Mrs. Holt's evidence was presented, the following colloquy occurred:

THE COURT: Let me suggest that you file a memo with me with your request based on all the evidence and I will respond and tell you what kind of an order I approve.

DR. HOLT: May I say anything at all?

THE COURT: No. We will stand in recess.

the property division hearing, which in effect granted Mrs. Holt a default judgment. In particular, Dr. Holt argues that absent a finding of wilful or conscious disregard of his duty to respond to discovery, his failure to answer the interrogatories did not warrant imposition of a default judgment. Dr. Holt also argues that the Superior Court abused its discretion by failing to supply written reasons for its ruling and disposition of the case.

In response, Mrs. Holt asserts that the record clearly indicates that Dr. Holt acted in wilful or conscious disregard of the Superior Court's order to answer the interrogatories, and therefore, the trial judge did not abuse his discretion in prohibiting Dr. Holt from participating in the property division trial. Moreover, Mrs. Holt asserts that the Superior Court did supply reasons for its decision. Alternatively, Mrs. Holt contends that the reasons for the decision were obvious from the record. She also challenges Dr. Holt's standing to question the Superior Court's decision, given the nature of the sanction imposed.

### III.

Our standard of review is whether the action of the trial court was an abuse of discretion. *Rittenhouse Associates, Inc. v. Frederic A. Potts & Co., Inc.,* Del.Supr., 382 A.2d 235 (1977). Rule 37(b)(2)(C) authorizes the Superior Court to enter a default judgment when a party fails to comply with court-ordered discovery. *See id.* at 236. Entry of a default judgment is a severe sanction for discovery abuse, and this Court has interpreted Rule 37(b)(2)(C) to require a showing of an element of wilfulness or conscious disregard of court-ordered discovery before such sanction is imposed. *Sundor Electric, Inc. v. E.J.T. Construction Co., Inc.,* Del.Supr., 337 A.2d 651, 652 (1975). *See Warner v. Warner Co.,* Del.Super., 180 A.2d 279, 281–82 (1962). *Cf. Smith v. Schlesinger,* 513 F.2d 462 (D.C.Cir.1975) (sanction precluding defendant from denying or contradicting complaint via introduction of evidence proper, given wilful viola-

tion of discovery order). Moreover, this Court has held that if a party fails to comply with a court order permitting discovery, an award of expenses including attorney's fees is mandatory unless the failure was substantially justified or other circumstances make the award unjust. *Wileman v. Signal Finance Corp.,* Del.Supr., 385 A.2d 689, 690 (1978).

In *Rittenhouse Associates v. Frederic A. Potts,* we reversed, finding no evidence of "wilfulness or conscious disregard" on the part of the plaintiff warranting a sanction of dismissal with prejudice under Rule 37(b)(2)(C). *Rittenhouse Associates,* 382 A.2d at 236–37. Our ruling was based on the fact that due to disagreement between local counsel and plaintiff's Pennsylvania lawyer, who made all contacts with the client, discovery requests and orders to compel did not pass from local counsel to the Pennsylvania lawyer. *Id.* at 236. Furthermore, five of seven documents withheld by plaintiff despite a discovery order were matters of public record, plaintiff had valid legal objections to certain unanswered interrogatories, and answers to additional interrogatories were eventually filed before the Rule 37(b)(2)(C) order was entered. *Id.* at 237.

In *Sundor Electric, Inc. v. E.J.T. Construction Co., Inc.,* the defendant failed to answer certain interrogatories propounded by the plaintiff, and objected to others. *Sundor Electric, Inc.,* 337 A.2d at 652. We viewed some of the answers as "evasive," but found no evidence of wilfulness, noting the short period involved, less than two weeks, and the timely filing of the answers. *Id.* Moreover, we stated that the Superior Court's specific permission to the defendant to include objections with the answers contributed to the procedural impass. *Id.* Finally, we held defendant's local and out-of-state counsel responsible for preparing and filing the inadequate answers. *Id.* Accordingly, we ordered that pursuant to Rule 37(b)(2), defendant's counsel be required to pay plaintiff's expenses caused by the inadequate answers. *Id.* at 653.

In stark contrast, Dr. Holt failed to answer interrogatories filed over six years before sanctions were imposed. He has taken five appeals to this Court, forced the disqualification of a Superior Court judge, and failed to disclose an out-of-state divorce decree while *contesting* the wife's divorce action in Delaware. Compare *Lyell Theatre Corp. v. Loews Corp.*, 91 F.R.D. 97, aff'd, 682 F.2d 37 (2d Cir.1981).

In his defense, Dr. Holt argues principally that he did not know how to answer the interrogatories or that he did not understand the interrogatories. Dr. Holt also claims that he, as a layman, could not understand the Superior Court's letter to him dated October 13, 1982, advising that if Dr. Holt did not respond, his "answer to the complaint will be stricken and the application for a property settlement will be heard as an uncontested matter."

These arguments are specious on their face. The Superior Court properly concluded that given his education, Dr. Holt's claimed lack of understanding of the October 13, 1982 letter was "incredible". As to the interrogatories themselves, Dr. Holt, a professional of some means, chose to appear pro se. In so doing, he chose to forego the assistance of counsel in answering the interrogatories. He made no claim of indigence; in fact, immediately after the property division trial he retained a lawyer and purported to answer the interrogatories. We also note that Mrs. Holt, the mother of six children and a woman of modest circumstances, has returned to her home in California, having been put to great expense by the numerous proceedings below.

The sanctions of Rule 37 were promulgated to prevent the use of dilatory or oppressive tactics, such as these, to undermine the judicial process by harassing a party with lesser resources. Trial courts should be diligent in the imposition of sanctions upon a party who refuses to comply with discovery orders, not just to penalize those whose conduct warrants such sanctions, but to deter those who may be tempted to abuse the legal system by their irresponsible conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Discovery abuse has no place in our courts, and the protection of litigants, the public, and the bar demands nothing less than that our trial courts be diligent in promptly and effectively taking corrective action to "secure the just, speedy and inexpensive determination of *every* proceeding" before them. Del.Super.Ct. Civ.R. 1. In our opinion the sanctions imposed here were entirely appropriate. There was no abuse of discretion in striking Dr. Holt's answer, restricting him from opposing the property division issues, and in the denial of his application for a new hearing.

\* \* \*

AFFIRMED.