LESLY MARCELIN, Plaintiff Below-Appellant,
v.
EDWARD LAYTON and CAREY'S, INC., Defendants Below-Appellees.
No. 322, 2008.
Supreme Court of Delaware.
Submitted: January 30, 2009.
Decided: March 9, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DUPONT RIDGELY Justice.
This 9th day of March 2009, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The plaintiff-appellant, Lesly Marcelin, filed an appeal from the Superior Court's June 20, 2008 order granting the motion of the defendants-appellees, Edward Layton and Carey's, Inc. ("Layton"), to dismiss his complaint for failure to prosecute. We find no merit to the appeal. Accordingly, we affirm.
(2) The record reflects that Marcelin operated a vehicle repair and sales business in Laurel, Delaware, on property rented from Layton. In October 2006, Marcelin filed a replevin action in the Superior Court against Layton, seeking to recover certain items of personal property and claiming monetary damages for lost profits. Marcelin alleged that Layton changed the locks on his business while he was out of town, resulting in his various losses. In November 2006, Layton, through counsel, filed an answer and served upon Marcelin a set of interrogatories and a request for production. When Marcelin failed to provide complete responses to the discovery requests, Layton filed a motion to compel in the Superior Court.
(3) On February 2, 2007, the parties appeared before the Superior Court. Without opposition from Layton, the Superior Court signed an order permitting Marcelin to retrieve the motor vehicles he had stored on the property. The Superior Court also permitted Marcelin an additional week to comply with the discovery requests that were pertinent to his claim for lost profits. On February 9, 2007, the parties again appeared before the Superior Court. The Superior Court permitted Marcelin until March 9, 2007 to provide the documentation to Layton. Despite the Superior Court's admonition concerning the consequences of failing to comply with its order, Marcelin failed to provide the requested documentation by the due date.
(4) On June 1, 2007, the parties again appeared before the Superior Court, this time on Layton's motion for partial summary judgment, which requested the Superior Court to bar Marcelin's claim for lost profits. Once again, the Superior Court permitted Marcelin additional time  until June 7, 2007  to provide the requested documents to Layton. On June 8, 2007, the parties once more appeared before the Superior Court and, once more, Marcelin had failed to comply with the Superior Court's order. Following the hearing, the Superior Court entered an order prohibiting Marcelin from introducing at trial any and all evidence related to any claims for lost profits, business value, goodwill, or any other business loss.
(5) A year then passed without Marcelin taking any action to prosecute his case. On or about June 10, 2008, Layton filed a motion to dismiss the case for failure to prosecute.[1] On June 20, 2008, the Superior Court held a hearing on the otion to dismiss. Marcelin failed to appear and the Superior Court entered its order dismissing Marcelin's case with prejudice.
(6) Superior Court Civil Rule 37(b) (2) (C) permits the Superior Court to dismiss the claims of a party who fails to obey an order to provide or permit discovery. The Superior Court also is vested with inherent authority to dismiss a party's action for failure to prosecute or comply with its rules or orders.[2] This Court reviews the Superior Court's dismissal of an action for failure to provide discovery under an abuse of discretion standard.[3] Dismissal is an extreme remedy and, generally, some element of "willfulness or conscious disregard" of the Superior Court's order is required to support it.[4] A motion to dismiss should be granted if no other sanction would be appropriate under the circumstances.[5]
(7) Under the circumstances of this case, and in light of the above standards, we find no abuse of discretion on the part of the Superior Court either in limiting Marcelin's proof at trial or in, ultimately, dismissing his case for failure to prosecute. We conclude that the Superior Court's judgment must, therefore, be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Super. Ct. Civ. R. 41.
[2] Hoag v. Amex Assurance Co., 953 A.2d 713, 716-17 (Del. 2008).
[3] Hoag v. Amex Assurance Co., 953 A.2d at 717 (citing Rittenhouse Assocs., Inc. v. Frederic A. Potts & Co., 382 A.2d 235, 236 (Del. 1977)).
[4] Id. (citing Sundor Elec., Inc. v. E.J.T. Constr. Co., 337 A.2d 651, 652 (Del. 1975)).
[5] Id.