**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. CPU6-13-000330 |
| | ) | |
| | ) | |
| | ) | |
| DIANA M. SCHOENBERGER | ) | |
| | ) | |
| Defendant, | ) | |

Submitted February 19, 2014
Decided April 1, 2014

Seth H. Yeager, Esquire, Attorney for Plaintiff
Defendant Diana M. Schoenberger, *pro se*

## DECISION ON APPEAL FROM COMMISSIONER'S RECOMMENDATION

For the reasons discussed below, the Plaintiff's Appeal from the Commissioner's Findings of Fact and Recommendation is **GRANTED**.

## Procedural History

On March 28, 2013, Plaintiff Capital One Bank filed this debt action against Defendant Diana M. Schoenberger seeking a principal amount of $1,419.86 and post-judgment interest on a defaulted credit card account.[1]  On July 10, 2013, Defendant filed a handwritten letter acknowledging personal liability on the debt while expressing some confusion as the total damage award requested by Plaintiff.

On August 14, 2013, Plaintiff filed its Motion for Summary Judgment. A hearing was scheduled for September 5, 2013, but was ultimately continued until November 7,

---

[1] The Court notes that the caption of the complaint does not comply with the guidelines promulgated in Administrative Directive 2012-2. This issue was not raised by Defendant, and the Court will not address it *sua spont*e at this stage in the proceedings.

2013. Defendant was mailed notice of this second hearing on September 10, 2013. Despite ample notice of the motion and hearing date, Defendant failed to appear for this hearing or to otherwise respond to Plaintiff's motion.[2] Plaintiff's counsel appeared and argued the merits; the Commissioner reserved decision. On January 13, 2014, the Commissioner issued a report recommending that Plaintiff's Motion for Summary Judgment be granted in part, limiting Plaintiff's judgment to $649.19, the unpaid balance that Defendant admitted owing in her letter.[3] The remaining damage request was denied without direction for further just proceedings as required pursuant to Court of Common Pleas Rule 56(d). On January 22, 2014, Plaintiff appealed the Commissioner's Recommendation.

## Standard of Review

Summary judgment is a case-dispositive determination. When reviewing a commissioner's recommendation on a case-dispositive determination, the judge reviews the decision *de novo*. A judge may accept, reject, or modify in whole or in part the findings or recommendations made by a commissioner.[4]

## Discussion

In reviewing a motion for summary judgment: the court "may . . . deny summary judgment in a case where there is a reason to believe that the better course would be to proceed to a full trial."[5] However, there is no reason to believe that proceeding to a full trial is the better course in this instance.

Under Civil Rule 56, summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the moving

---

[2] The record reflects that Defendant was notified in August, 2013 of the motion and first hearing date. Likewise, the Defendant was re-noticed in September, 2013, of the November 7, 2013 motion hearing date.

[3] *See* Defendant's letter to the Court dated July 10, 2014.

[4] Ct. Com. Pl. Civ. R. 112(A)(4)(iv).

[5] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).

party is entitled to a judgment as a matter of law."[6]  If a genuine material issue of fact exists, summary judgment is inappropriate.[7]  A fact is material if it "might affect the outcome of the suit."[8]  A genuine issue of material fact is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]  "[T]he *facts* of record, including any reasonable inferences therefrom, must be viewed in a light most favorable to the non-moving party."[10]

In reviewing a motion for summary judgment, the Court's responsibility is not to determine the truth of the matter at hand, but to resolve whether a genuine material issue of fact exists.[11]  The moving party bears the initial burden to show the absence of any material factual issues.[12]  Upon a proper showing, *the burden shifts to the non-moving party who may not rely solely upon her pleadings*, but must show a genuine material issue of fact in response to the motion.[13]

The Court finds that Plaintiff met its initial burden.  The Motion is properly supported by competent and admissible evidence, including: the agreement between the parties, Plaintiff's notarized affidavits that attest to the debt owed by Defendant, copies of the account statements and certification of Plaintiff's attorney as to the veracity of his client's claim.[14] In stark contrast, Defendant failed to file any response to the motion,

---

[6] Ct. Com. Pl. Civ. R. 56(c).

[7] *Cerberus*, 794 A.2d at 1150.

[8] *Graven v. Lucero*, 2013 WL 6797566 *2 (Del. Ch. Dec. 20, 2013).

[9] *Id*.

[10] *Health Solutions Network, LLC v. Grigorov*, 12 A.3d 1154 (Del. 2011) (emphasis added).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510 (1986)(citations and quotations omitted).

[12] *See* Ct. Com. Pl. Civ. R. 56(c); *See also In re Asbestos Litigation*, *supra*.

[13] *See* Ct. Com. Pl. Civ. R. 56(c); *See also In re Asbestos Litigation*, *supra*.

[14] *See*, *In re Asbestos Litigation*, 1994 WL 721774 (November 4, 1994, Gebelein, J.). "By the certification of defendant's attorney, the Court holds that defendant-movant has 'pointed out' to the Court the non-existence of a genuine issue for trial. The Court has little cause to doubt the certification made by counsel. He is an officer of the court and as such, charged with the duty of candor to the Court. If a certification is made in bad faith, the Court may, *sua sponte* or upon motion by the adverse party, impose sanctions against the attorney." *Id*. at *2.

and failed to appear at the hearing of the motion. She likewise has failed to respond to this appeal of the Commissioner's Recommendation. When it is clear from the record that a party has received notice of a motion, and the party then fails to file a response to the motion or to appear at the hearing, the plain conclusion for the Court is that the motion is *unopposed.* Given the Court's obligation to efficiently administer its caseload and handle the public's work, properly filed, *prima facie* supported and unopposed motions within the Court's jurisdiction are, and should be, routinely granted.[15]

Nevertheless, here the Commissioner concluded that questions remain regarding the extent of Defendant's liability. To support this finding, the Commissioner did not cite to any defect or ambiguity in the Plaintiff's filings, or any facts properly claimed at issue by the Defendant in response to the Motion. Rather, the recommendation to move forward with litigation appears to be based on assertions found in Defendant's July 10, 2013 letter filed in lieu of a conforming answer. Such a finding is inconsistent with our Rule 56 and relevant caselaw.

Under Civil Rule 56(c), "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, *by affidavit* or as otherwise provided in this Rule, must set forth *specific facts* showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against the adverse party."[16]

Again, Defendant here did not respond in any way to the motion, let alone with a supporting affidavit. The adverse party's "bare assertions or conclusory allegations are

---

[15] Of course, the Court may grant a subsequent motion for reconsideration or to reopen if supported by a valid Rule 60(b) explanation.

[16] Ct. Com. Pl. Civ. R. 56(c) (emphasis added).

insufficient to create a genuine issue of material fact for trial."[17] Defendant's vague questioning of the full amount claimed in her only correspondence with the Court is insufficient to show a genuine issue of material fact absent *some* evidentiary showing *by the Defendant*.[18] In that July 10, 2013 hand-written letter Defendant states, "I know I owe this bill. I am not denying the bill but I received the outstanding balance June 5, 2013 as [$]649.14. Don't understand the balance jumping to $1,419.86. . . . Hope this can be resolved without the courts."

Defendant's unsworn statement that she "do[esn't] understand" how Plaintiff arrived at the balance due fails to rise even to the level of a "bare assertion or conclusory allegation," let alone a *specific fact* supported by affidavit. The Commissioner erred in finding such a statement sufficient to establish a genuine issue of fact, even if it was entitled to be viewed in the light most favorable to the Defendant.

Although the Court is mindful that Defendant represents herself in this action, the Court cannot excuse Defendant's failure to participate in the litigation process or to present a meaningful defense because of her status as a *pro se* litigant. Defendant must defend herself in this action, the Court cannot do so; it must impartially apply the laws and rules. Plaintiff's motion and affidavit showed an absence of material fact; the burden then shifted to Defendant to respond and show a genuine issue of material fact. The Court cannot lift that burden for her. "All judges are sympathetic to the problems

---

[17] *Health Solutions Network, LLC v. Grigorov*, 12 A.3d 1154 (Del. 2011) quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

[18] *See, e.g.,* the Delaware Supreme Court's recent *de novo* review of the summary judgment order in the analogous case of *Health Solutions Network, LLC, v. Grigorov*, *supra.*. The underlying breach of contract action involved the recovery of sales commissions due to Grigorov as administrator of his son's estate. The trial court granted Grigorov's Motion for Summary Judgment, in part, because Health Solutions solely evidenced its claim with the deposition testimony of a witness who denied the debt and professed payment but failed to produce any record indicating payment. The Supreme Court found that the trial court shifted the evidentiary burdens appropriately, weighed the evidence accurately and properly determined that Health Solutions failed to make a sufficient showing to defeat the summary judgment motion.

faced by *pro se* litigants. But the problems and perils faced by *pro se* litigants [do] not mean that a separate set of rules should be applied when a person is not represented by an attorney."[19]

Summary judgment is an integral part of our civil procedural rules designed "to secure the just, speedy, and inexpensive determination in every action."[20] The summary judgment rule "should be interpreted in a way that allows it to accomplish this purpose."[21]

In light of the foregoing, the Court finds after its *de novo* review of this matter that there is no *evidence* to support the finding of a genuine issue of material fact, and that Plaintiff is entitled to summary judgment on its unopposed motion for the full amount of damages claimed as a matter of law.

Plaintiff's Appeal from the Commissioner's Findings of Fact and Recommendation is **GRANTED**. Plaintiff's motion for Summary Judgment is **GRANTED.** Plaintiff is awarded its full damage claim of $1,419.86, plus post-judgment interest at the rate of 5.75% per annum, plus costs of suit.

**IT IS SO ORDERED** this 1st day of April, 2014.

_____
Kenneth S. Clark, Jr., Judge

---

[19] *LaBarge v. Hensley*, 2006 WL 306925 (Del. Super. 2006).

[20] *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555. (citations omitted); See also *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008); *Bader v. Fisher*, 504 A.2d 1091, 1096 (Del. 1986); *Holt v. Holt*, 472 A.2d 820, 824 (Del. 1984).

[21] *In re Asbestos Litigation, supra*, quoting Celotex 477 U.S. at 324, 106 S. Ct. at 2553.