# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANET BATCHELOR, | ) | |
| | ) | |
| | ) | **C.A. No. K17C-11-001 NEP** |
| PLAINTIFF, | ) | **In and For Kent County** |
| | ) | |
| v. | ) | |
| | ) | |
| ALEXIS PROPERTIES, LLC, | ) | |
| BB PROPERTIES OF DELAWARE, | ) | |
| LLC, JOHN WELCOME d/b/a | ) | |
| WELCOME HOME REALTY, and | ) | |
| LIVEINDE.COM, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Submitted: August 19, 2019
Decided: August 26, 2019

## ORDER

*Upon Joint Motion for Sanctions of Defendants Alexis Properties, LLC, BB Properties of Delaware, LLC, Johns Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc.*

## ***GRANTED***

Before the Court is the Joint Motion for Sanctions (hereinafter the "Joint Motion") of Defendants Alexis Properties, LLC, BB Properties of Delaware, LLC, John Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc. (hereinafter, collectively, "Defendants"), against Plaintiff Janet Batchelor.[1] In the

---

[1] Ms. Batchelor is self-represented.

Joint Motion, Defendants seek the sanctions of dismissal and attorneys' fees for Plaintiff's continued refusal to comply with discovery obligations and with the orders of this Court regarding those obligations.

## Factual and Procedural Background

The Joint Motion is a culmination of a series of events resulting from Plaintiff's ongoing refusal to comply with her discovery obligations in this case.

On March 14, 2019, the Court issued an order granting a motion to compel brought by Defendants Alexis Properties LLC, John Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc. (hereinafter, collectively, "Propounding Defendants"), and requiring Plaintiff to respond to Propounding Defendants' outstanding discovery requests by April 15, 2019. The Court's order further provided that Plaintiff's failure to do so could result in sanctions, including but not limited to "adverse findings of fact and/or dismissal of Plaintiff's action."

Following Plaintiff's service of inadequate responses to the discovery requests, and her failure to respond to a motion for sanctions (hereinafter the "Previous Motion") filed by Propounding Defendants or to appear at an oral argument on the Previous Motion, the Court, on June 5, 2019, granted in part and deferred in part the Previous Motion. Specifically, the Court imposed a monetary sanction upon Plaintiff--awarding $1,025.00 in attorneys' fees to Propounding Defendants payable no later than 30 days from the date of the order--but deferred

2

Propounding Defendants' request for dismissal of Plaintiff's claims. The Court allowed Plaintiff an additional 30 days from the date of the order to serve adequate responses to the discovery requests, and authorized Propounding Defendants to renew their request for sanctions should Plaintiff fail to serve adequate responses to the discovery requests.

Propounding Defendants, along with the remaining Defendant, BB Properties of Delaware, LLC, have now filed the Joint Motion on the basis that Plaintiff has failed to pay the sanction imposed by the Court or to serve revised discovery responses. Defendants seek dismissal with prejudice of Plaiintiff's claims along with additional attorneys' fees. Plaintiff was provided the opportunity to respond to the Joint Motion, but she has failed to do so.

## Discussion

In its June 5 order, this Court relied upon the Delaware Supreme Court's decision in *Hoag v. Amex Assurance Co.*[2] There, the Supreme Court noted that Superior Court Civil Rule 37(b)(2)(C) requires a showing of "wilfulness or conscious disregard of court-ordered discovery" before the sanction of dismissal is imposed, and further that dismissal is appropriate only "if no other sanction would be more appropriate under the circumstances."[3]

---

[2] 953 A.2d 713 (Del. 2008).
[3] *Id.* at 717 (quoting *Holt v. Holt*, 472 A.2d 820, 823 (Del. 1984)).

This Court did find, in its June 5 order, that Plaintiff's failure to provide adequate discovery responses, together with her failure to respond to the Previous Motion or to appear at the hearing on the Previous Motion, evinced a wilful and conscious disregard of court-ordered discovery, but the Court also recognized that the sanction of dismissal should be employed only as a last resort. Accordingly, the Court explicitly stated that it would give Plaintiff "one more opportunity to respond to Defendants' discovery requests before turning to the ultimate sanction of dismissal, *i.e.*, to see if sanctions other than dismissal may be effective, particularly given the Court's strong policy favoring deciding cases on the merits."

Plaintiff has refused to take advantage of the opportunity that the Court has provided her. In fact, Plaintiff has done essentially nothing to advance her claims in this litigation, or otherwise to participate in this case, since she served her inadequate discovery responses upon Propounding Defendants on April 18, 2019. The Court hereby finds that Plaintiff's failure to serve **any** revised response, inadequate or otherwise, to Propounding Defendants' discovery requests since June 5, 2019, demonstrates a further wilful and conscious disregard of court-ordered discovery. As the Supreme Court noted in *Hoag*, "'[t]rial courts should be diligent in the imposition of sanctions upon a party who refuses to comply with discovery orders, not just to penalize those whose conduct warrants such

4

sanctions, but to deter those who may be tempted to abuse the legal system by their irresponsible conduct.'"[4]

Regrettably, therefore, because the less severe sanction of a monetary penalty has failed to persuade Plaintiff to comply with the Court's orders regarding discovery in this case, the Court is left with no option but to impose the ultimate sanction of dismissal. Furthermore, the Court will award additional attorneys' fees to Defendants—an award that is mandatory in a case such as this one.[5]

**WHEREFORE**, for the foregoing reasons, Defendants' Joint Motion for Sanctions is **GRANTED**.

**IT IS HEREBY ORDERED** that all claims of Plaintiff in this case are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that attorneys' fees of $475.00 are awarded to Defendants pursuant to Superior Court Civil Rule 37(b)(2)(C), and that the amount of $475.00 is hereby reduced to a judgment against Plaintiff and in favor of Defendants Alexis Properties, LLC, BB Properties of Delaware, LLC, John Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc.

---

[4] *Id.* (quoting *Holt*, 472 A.2d at 824).

[5] *See Holt*, 472 A.2d at 823 (where party fails to comply with court order permitting discovery, award of expenses including attorneys' fees is mandatory unless failure was justified or other circumstances make award unjust).

**IT IS FURTHER ORDERED** that the sanction of $1,025.00 previously imposed by this Court in its order of June 5, 2019, is hereby reduced to a judgment against Plaintiff and in favor of Defendants Alexis Properties, LLC, John Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc.

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:   Prothonotary
cc:   Janet Batchelor
      Michael G. Rushe, Esquire
      Daniel L. Huestis, Esquire
      Brian T. Riggin, Esquire