**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: December 19, 2023
Date Decided: January 25, 2024

Philip Trainer, Jr., Esq.
Samuel M. Gross, Esq.
ASHBY & GEDDES
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Matthew F. Davis, Esq.
Laura G. Readinger, Esq.
Lilianna Anh P. Townsend, Esq.
Caneel Radinson-Blasucci, Esq.
Ryan M. Ellingson, Esq.
POTTER ANDERSON & CORROON LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Kurt M. Heyman, Esq.
Jamie L. Brown, Esq.
HEYMAN ENERIO GATTUSO &
HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19802

Re: *Infab Co. Inc., et al. v. Donald J. Cusick, et al.*, C.A. No. 2022-0050-SG

Dear Counsel:

Before me currently are Plaintiffs' Motion for Sanctions for spoliation of evidence, as well as Defendants' objections to Plaintiffs' requested fees as listed in Plaintiffs' Rule 88 affidavits, under my Order of June 23, 2023.

## I.    <u>Background</u>[1]

Plaintiffs initiated this action against Defendants on January 18, 2022,[2] and filed the operative complaint on June 17, 2022 (the "Amended Complaint").[3] The Amended Complaint contains thirteen causes of action, including misappropriation of trade secrets; violation of the Computer Fraud and Abuse Act; breach of fiduciary duties; and tortious interference with contractual and business relations.[4] On July 1, 2022, Defendants Donald J. Cusick and the Donald J. Cusick and Carolyn F. Cusick Family Trust 2007 (collectively, the "Cusick Defendants") asserted counterclaims against Plaintiffs for breach of contract and breach of guarantee.[5]

Discovery has been a slog. The instant motion requires me to again traverse that morass. Ongoing discovery disputes led Plaintiffs to file a motion to compel production early in the litigation.[6] I heard arguments on Plaintiffs' motion to compel on May 17, 2022,[7] and again on July 7, 2022.[8] At the May 17, 2022 hearing, I addressed the Cusick Defendants' failure to respond to discovery requests for a

---

[1] For purposes of this opinion, I limit my discussion in this section to only those facts that are relevant to understand my analysis below.

[2] *See* Verified Compl., Dkt. 1.

[3] *See* Verified Am. Compl., Dkt. 51.

[4] *Id.* ¶¶ 168–301.

[5] Answer, Affirmative Defenses, and Countercls. to Pls.' Am. Compl. ¶¶ 27–38, Dkt. No. 65.

[6] *See* Mot. Compel Prod. of Docs. and Forensic Imaging of Devices, Dkt. No. 23 ("Mot. to Compel").

[7] *See* Judicial Action Form re Mot. to Compel, Dkt. No. 31.

[8] *See* Tr. of 7.7.22 Tel. Status Conf. re Pls.' Mot. for Appointment of Int'l Process Server, Pls.' Mots. to Compel, and Pls.' Request for Preliminary Inj., Dkt. No. 77 ("July 2022 Tr.").

period of three months, and ordered that document production begin within two weeks of my ruling.[9] I withheld a ruling on Plaintiffs' request to shift fees at that time, but I informed the parties that I would invoke equity to resolve their discovery disputes, if necessary.[10] Plaintiffs also noted the disputed ownership of two computers that were then in Mr. Cusick's possession and Plaintiffs' desire that those computers be surrendered by Mr. Cusick.[11] While Plaintiffs requested I grant their motion to compel production of these computers for purposes of imaging, I determined that a discovery motion was the improper vehicle.[12] I then directed the parties to meet and confer to craft a solution regarding the custody of the computers and to inform me if the parties could not reach such a solution.[13] Plaintiffs ultimately filed a request for preliminary injunctive relief regarding the computers.[14]

During the subsequent July 7, 2022 status conference, Plaintiffs informed me that the Cusick Defendants had failed to comply with the discovery timeline of my May 17 Order; instead, the documents that were produced eight days after the expiration of the deadline were files owned by Plaintiffs, and the Cusick Defendants still had outstanding discovery requests to respond to.[15] I imposed August 22, 2022,

---

[9] *See* Tr. 5-17-2022 Oral Arg. and Rulings of the Ct. on Pls.' Mot. to Compel 5:17–6:1, Dkt. No. 220.
[10] *Id.* at 6:5–14.
[11] *Id.* at 10:17–11:6.
[12] *Id.* at 4:19–5:5.
[13] *Id.* at 12:18–14:1.
[14] *See* Pls.' Mot. for Prelim. Inj., Dkt. No. 58.
[15] July 2022 Tr. 4:13–5:13.

as the new deadline for the Cusick Defendants to produce a privilege log and complete discovery then-outstanding.[16] In light of Plaintiffs' then-recently-filed motion for a preliminary injunction to compel the Cusick Defendants to turn over the two computers purchased by Plaintiffs that were then in Mr. Cusick's possession,[17] Plaintiffs notified the Court that Mr. Cusick was refusing to search and produce documents from other devices, including his cell phone.[18] I noted the Cusick Defendants' slow and delinquent responses to Plaintiffs' discovery and informed the parties that I would consider shifting fees and other measures necessary to encourage Mr. Cusick to comply with the discovery process.[19]

On September 9, 2022, I heard oral arguments on Plaintiffs' fully-briefed motion for a preliminary injunction.[20] At that time, I ordered Mr. Cusick to refrain from using the computers in any way until a final injunctive relief hearing was held.[21] During this hearing, it was brought to my attention that the Cusick Defendants had again failed to comply with the court-imposed deadline to produce documents and a privilege log by August 22, 2022.[22] The Cusick Defendants represented to the Court

---

[16] *Id.* at 7:10–8:14.
[17] *See* Pls.' Mot. for Prelim. Inj.
[18] July 2022 Tr. 12:23–13:7.
[19] *Id.* at 14:17–15:7.
[20] *See* Judicial Action Form re Prelim. Inj. Before Vice Chancellor Glasscock dated Sept. 9, 2022, Dkt. No. 97.
[21] Tr. 9-9-2022 Oral Arg. and Rulings of the Ct. on Pls.' Mot. for Prelim. Inj. 28:2–6, Dkt. No. 107 ("Sept. 2022 Tr.").
[22] *Id.* at 32:10–33:9.

that they would be able to begin producing documents within ten days of the hearing.[23] Plaintiffs expressed their concern given the Cusick Defendants' repeated failure to comply with previous deadlines.[24] Shortly thereafter, the parties submitted a stipulated order whereby Mr. Cusick would permanently surrender the computers at issue, which I granted, thereby obviating the need for a final injunctive relief hearing.[25]

On November 2, 2022, Plaintiffs filed a motion to show cause and for sanctions for the Cusick Defendants' violations of this Court's discovery orders.[26] During a January 19, 2023 teleconference related to outstanding discovery issues, the parties were unable to come to a consensus as to when to take Mr. Cusick's deposition, because Mr. Cusick was retaining new counsel.[27] I directed Mr. Cusick's counsel at the time to inform Mr. Cusick that he was required to sit for a deposition.[28] The parties were then directed to have a meet-and-confer with Mr. Cusick's new counsel, once in place, to determine the scope of the discovery disputes that would be before the Court during oral arguments on Plaintiffs' Motion for Sanctions.[29]

---

[23] *Id.* at 34:18–22.
[24] *Id.* at 35:24–36:24.
[25] Order re Permanent Surrender of Computs., Dkt. No. 123.
[26] *See* Pls.' Mot. Show Cause and Sanctions for Violation of the Ct.'s Disc. Orders, Dkt. No. 126.
[27] Tr. of 1-19-2023 Tel. re Pls.' Mot. to Dismiss Compl. Against Imaging Solutions Without Prejudice and Rulings of the Ct. 11:20–13:1, Dkt. No. 143.
[28] *Id.* at 13:6–15.
[29] *Id.* at 15:18–16:1.

The parties presented oral arguments pertaining to Plaintiffs' Motion for Sanctions on June 23, 2023.[30]  At that time, I granted Plaintiffs' request to shift reasonable fees related to their motion to compel through January 2023, when Mr. Cusick acquired his current counsel.[31]  Plaintiffs sought an evidentiary hearing on spoliation, which I scheduled for later that summer.

That hearing was held on August 2, 2023.  Mr. Cusick testified under oath about his alleged spoliation of evidence, particularly text messages once contained on Mr. Cusick's cell phone.[32]  Mr. Cusick testified to his peculiar habit of reviewing his text messages each night and "push[ing] the trash can to clear them off the face of [his] telephone."[33]  Mr. Cusick's phone was set to auto-delete texts every 30 days, resulting in lost text messages.[34]  When asked about his phone's auto-delete function, Mr. Cusick testified that he did not learn that his text messages were set to auto-delete until February 2023.[35]  Mr. Cusick further testified that he was unaware of his duty to preserve his text messages and only became aware of such obligation in

---

[30] *See* Judicial Action Form re: Mot. to Dismiss and Sanctions before Vice Chancellor Sam Glasscock III on 6.23.2023, Dkt. No. 177.

[31] *See* Tr. of 6.23.23 Oral Arg. and Ruling of the Ct. on Pls.' Mot. to Show Cause and for Sanctions 55:7–56:4, Dkt. No. 180 ("June 2023 Tr.").

[32] *See* Judicial Action Form re: Hr'g before Vice Chancellor Sam Glasscock dated 8.1.23, Dkt. No. 191.

[33] Tr. of 8-2-2023 Ruling on the Ct. on Imaging Solutions of Am. Inc.'s Mot. to Dismiss and Evidentiary Hr'g on Spoliation Issues 25:22–26:6, 75:21–23, Dkt. No. 203.

[34] *Id.* at 31:24–32:3.

[35] *Id.* at 31:24–32:6.

February 2023.[36] However, Mr. Cusick was presented with communications he had with his then-attorney over the course of a few days in *October 2021* that included document preservation requests directed at Mr. Cusick.[37] Mr. Cusick could not recall having received those communications despite being presented with evidence that he forwarded one such message concerning document preservation to a former employee of Infab.[38]

Following the August 2, 2023 evidentiary hearing, the parties submitted memorandums concerning whether Mr. Cusick should be sanctioned for spoliating evidence and, if so, what form the sanctions should take.[39] I considered the matter fully submitted as of September 1, 2023.[40] That changed, however, when Mr. Cusick submitted an affidavit on November 22, 2023.[41] The stated purpose of that affidavit was "to alert the Court that [Mr. Cusick's] recollection during his deposition and at the [August 2] hearing was not consistent with [ ] written communications" between Mr. Cusick and his former counsel.[42] Specifically, after reviewing the written communications, Mr. Cusick asserts that it appears to him now that:

> a. At least as of April 7, 2022, former counsel was aware that I erased all of my text messages daily.

---

[36] *Id.* at 59:13–22.
[37] *See id.* at 27:14–31:8.
[38] *See id.*; *see also* Pls.' Mem. Supp. Sanctions, Ex. A
[39] *See* Pls.' Mem. Supp. Sanctions, Dkt. No. 198; Cusick Defs.' Mem. Opp'n Pls.' Mem. Supp. Sanctions, Dkt. No. 201.
[40] *See* Letter to Counsel, Dkt. No. 204.
[41] *See* Aff. of Donald J. Cusick, Dkt. No. 224.
[42] Letter to The Hon. Sam Glasscock III from Matthew F. Davis, Esq., Dkt. No. 224.

b. As of April 7, 2022, I was aware, through former counsel, that (1) my cellphone would need to be preserved, and (2) the contents from my cellphone would need to be downloaded.

c. As of at least September 30, 2022, I was aware that my phone was set to autodelete text messages after 30 days and that could result in such text messages no longer being on my phone.

d. As of October 12, 2022, I was aware, through former counsel, that the autodelete function on my phone should be turned off.[43]

On December 19, 2023, I spoke to the parties about the impact, if any, of Mr. Cusick's affidavit on my decision on Plaintiffs' Motion for Sanctions.[44] The parties declined the opportunity to amend their submissions further. I consider the matter submitted as of that date.

## II. Analysis

### A. Spoliation

Parties who are involved in litigation or reasonably expect to be involved in litigation have "an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit."[45] "A court may sanction a party who breaches this duty by destroying relevant evidence or by failing to prevent the destruction of such evidence."[46]

---

[43] Aff. of Donald J. Cusick ¶ 6.
[44] *See* Judicial Action Form re Tel. Status Conf. before Vice Chancellor Sam Glasscock dated 12.19.23, Dkt. No. 232.
[45] *Beard Rsch., Inc. v. Kates*, 981 A.2d 1175, 1185 (Del. Ch. 2009).
[46] *Id.*

The point of discovery in litigation is to establish the truth as it relates to the issues being litigated. Nefarious actors may seek to frustrate the pursuit of truth via abuse of discovery; maintaining the efficacy of the system requires both norms and rules, with the latter enforced, as necessary, by sanctions. Mr. Cusick's behavior in this litigation can charitably be described as recalcitrant. He has violated discovery rules and failed to preserve evidence even in the face of his known duty to do so. Mr. Cusick has admitted to testifying inaccurately during his deposition and in my courtroom. In light of Mr. Cusick's recent affidavit, and after observing his demeanor and the evidence presented in the spoliation hearing, I find that it is likely that he intentionally lied while on the stand, and then filed the affidavit when that mendacity could no longer be concealed. Since Mr. Cusick's actions were intentional and prejudicial, sanctions are appropriate.

**B. Appropriate Sanctions**

With this as the background, I am now tasked with crafting appropriate sanctions that will balance the Court's interest in deciding this case on the merits with the equitable interest of not imposing the costs of Mr. Cusick's misbehavior on Plaintiffs.

The Court of Chancery "has wide latitude to fashion an appropriate remedy, but the remedy must be tailored to the degree of culpability of the

9

spoliator and the prejudice suffered by the complaining party."[47]  Plaintiffs have requested reasonable fees incurred in connection with Mr. Cusick's failures to comply with court orders[48] and either (i) adverse inferences where evidence appears to be missing or (ii) entry of default judgment against the Cusick Defendants.[49]

### 1. Fee-Shifting

I previously shifted Plaintiffs' reasonable fees related to their motion compel through January 2023, when Mr. Cusick acquired his current counsel. In light of Mr. Cusick's affidavit submitted in November 2023, I am also shifting the fees associated with Plaintiffs' preparation for and attendance at the August 2023 evidentiary hearing where Mr. Cusick provided his false testimony.

### 2. Adverse Inferences

"It is the duty of a court, in . . . a case of willful destruction of evidence, to adopt a view of the facts as unfavorable to the wrongdoer as the known circumstances will reasonably admit."[50]  When considering whether to impose adverse inferences, the Court must make a preliminary determination that "a

---

[47] *Id.* at 1189–90.
[48] Pls.' Mot. to Show Cause and for Sanctions 14–15, Dkt. No. 126.
[49] *See* Pls.' Mem. Supp. Sanctions 18–19, Dkt. No. 198.
[50] *Equitable Tr. Co. v. Gallagher*, 102 A.2d 539, 541 (Del. 1954).

litigant intentionally or recklessly destroy[ed] evidence, when [the litigant knew] that the item in question is relevant to a legal dispute or [the litigant] was otherwise under a legal duty to preserve the item."[51]

I find that Mr. Cusick's spoliation of his text messages was intentional and, as Mr. Cusick acknowledged in his affidavit, done with the knowledge that Mr. Cusick was under a legal duty to preserve those text messages. Therefore, in addition to shifting the fees identified, the most equitable sanction in this circumstance is to draw inferences in favor of Plaintiffs when the evidence is incomplete, and where it is reasonable to infer that potential evidence has been deleted. I intend to employ this inference going forward with the assistance of the parties as to its application.

3. Default Judgment

While Plaintiffs have requested that I invoke the "nuclear" option by entering default judgment against the Cusick Defendants on all counts,[52] I decline to do so. That devastating sanction, in my view, must be reserved for spoliation of evidence so material and egregious[53] that it renders the truth

---

[51] *Sears, Roebuck & Co. v. Midcap*, 893 A.2d 542, 552 (Del. 2006).

[52] Pls.' Mem. Supp. Sanctions, 15–16.

[53] *See Holt v. Holt*, 472 A.2d 820, 823 (Del. 1984) (requiring "a showing of an element of willfulness or conscious disregard of court-ordered discovery before [default judgment] is imposed.").

unobtainable, to the opponent party's irremediable detriment.[54]  That is not

the case here.  I believe that this matter can be decided on the record to be

created, aided by the inferences that I have imposed above.  Because I have

concluded that there are more appropriate, lesser sanctions in the form of fee-

shifting and adverse inferences,[55] I decline to impose a sanction that would

eliminate the Cusick Defendants' ability to defend themselves in this action.

## C. Cusick Defendants' Opposition to Plaintiffs' Rule 88 Affidavits

In accordance with my bench ruling on June 23, 2023, Plaintiffs

submitted affidavits from their counsel that are compliant with Court of

Chancery Rule 88.[56]  Defendants object to over $100,000 of those fees, which

Defendants classify as being related to Plaintiffs' motion for a preliminary

---

[54] *See, e.g., Minna v. Energy Coal S.p.A.*, 984 A.2d 1210 (Del. 2009) (imposing default judgment only after defendants failed to comply with trial court's order to pay plaintiffs' reasonable attorneys' fees incurred in compelling discovery where defendants repeatedly refused to comply with discovery orders); *BDO USA, LLP v. EverGlade Global, Inc.*, 2023 WL 1371097 (Del. Super. Jan. 31, 2023) (imposing default judgment after plaintiff demonstrated that defendant "acted with the intent to deprive [plaintiff] of the use of the information in th[e] litigation" and defendant admitted to intentionally destroying evidence).

[55] *See Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) ("[D]efault judgment should be granted if no other sanction would be more appropriate under the circumstances.").

[56] Ct. Ch. R. 88 states, in relevant part, "In every case in which an application to the Court is made for a fee or for reimbursement for expenses or services the Court shall require the applicant to make an affidavit or submit a letter, as the Court may direct, itemizing (1) the amount which has been received, or will be received, for that purpose from any source, and (2) the expenses incurred and services rendered, before making such an allowance."

injunction, and further object to another $60,000 in connection with meet and confers.[57]

## 1. Fees for Plaintiffs' Motion for a Preliminary Injunction

The Cusick Defendants argue that, because the motion for preliminary injunctive relief was a substantive motion rather than a discovery motion, litigation concerning the preliminary injunction request is beyond the scope of discovery sanctions. I first note the preliminary injunction hearing also involved direct discussion of Mr. Cusick's ongoing discovery violations, that the legal fees sought for the two issues involve considerable overlap, and thus the fee amount sought in connection with the injunctive relief portion of the hearing is substantially smaller Defendants contend. I accept Plaintiffs' representation that the fees sought, expended solely to advance Plaintiffs' position in way of the requested preliminary injunction, is approximately $55,000.[58] It is that sum to which the following analysis applies.

As Plaintiffs point out, the preliminary injunction in question was directed at but another instance of Mr. Cusick effort to frustrate discovery here. In my view, the dispute over the computers was a part of Plaintiffs' effort to secure the production and safekeeping of evidence then in Mr.

---

[57] Cusick Defs.' Opp'n and Objs. to Rule 88 Affs. ¶ 16, Dkt. No. 190 ("Defs.' Rule 88 Opp'n").
[58] Pls.' Reply Supp. Rule 88 Affs. ¶ 17, Dkt. No. 194.

Cusick's possession. Plaintiffs first asserted the contested ownership of the computers and their desire to image the computers to prevent potential spoliation by Mr. Cusick in their April 22, 2022 motion to compel.[59] I addressed this issue during the May 17, 2022 hearing, and again during a colloquy on July 7, 2022, where I described the issue as "a souped-up discovery issue[.]"[60] Mr. Cusick obstructed the ability of Plaintiffs' vendor to image the computers for discovery purposes, as evidenced by Mr. Cusick's refusal to turn over the encryption key to one of the computers' images, and other behaviors by Mr. Cusick that can be best described as abusive.[61] In this context, Plaintiffs filed their motion for a preliminary injunction.[62] I well understand Plaintiffs' decision to include the preliminary injunction fees within the rubric of fees shifted under my June 23, 2023 Order.

There is a flaw in this analysis, however. This Court follows the American Rule, under which—absent exception—each party bears its own fees. One such exception involves Court of Chancery Rule 37(a)(4)(A), under which a successful discovery motion compels fee shifting absent a finding by

---

[59] Mot. to Compel ¶¶ 3–4.

[60] July 2022 Tr. 11:20–12:18, Dkt. No. 77. Always the wordsmith, I.

[61] I should note that I by no means intend to ascribe improper motivation or litigation behavior to Mr. Cusick's prior or current counsel.

[62] Pls.' Reply Supp. Rule 88 Affs. ¶ 9, Dkt. No. 194 ("Pls.' Rule 88 Reply").

the Court that equity mandates otherwise.[63]  That was the basis of my June 23, 2023 Order.  That rule is inapplicable to fees for the preliminary injunction; another exception to the American Rule would have to justify fee shifting.  A finding of bad-faith litigation by the Court would be sufficient to this purpose, but Plaintiffs did not seek, and I did not make, a finding that fee-shifting regarding the preliminary injunction was justified on that ground.  Due process requires that I not impose fees incurred solely in connection with seeking injunctive relief.  Accordingly, the fees sought in the amount of approximately $55,000, expended solely in way of Plaintiffs' pursuit of the preliminary injunction, are disallowed.

## 2. Fees for Meet-and-Confers

The Cusick Defendants also oppose Plaintiffs' request for fees related to the meet-and-confer process on two grounds: (1) Plaintiffs have not alleged that Defendants acted in bad faith during the process and (2) Plaintiffs failed to distinguish between the meetings that resolved discovery disputes from those that did not.[64]  The Cusick Defendants point out that Delaware lawyers "have a duty to meet and confer in a good faith effort to resolve differences."[65]  Plaintiffs agree with

---

[63] "If the motion [to compel] is granted . . . the Court shall . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees, unless the Court finds . . . that other circumstances make an award of expenses unjust."  Ct. Ch. R. 37(a)(4)(A).

[64] Defs.' Rule 88 Opp'n ¶ 26.

[65] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1003 (Del. Ch. 2012).

15

this sentiment but assert that I should shift their fees related to the meet and confers because "[t]he volume of meet-and-confers in this case is directly related to the repeated discovery failures on the part of Mr. Cusick."[66] I conclude that fees for these excessive meet-and-confer sessions are appropriately shifted under the June 23, 2023 Order, as they relate directly to the discovery process.

Mr. Cusick's persistent failure to respond to Plaintiffs' discovery requests necessitated, and was the subject of, the remarkable volume of the meet and confers, as supported by Plaintiffs' Rule 88 affidavits. These costs are most equitably borne by Defendants who birthed them; I find that Plaintiffs are entitled to the fees associated with the meet and confers that focused on Mr. Cusick's failure to comply with this Court's orders to produce relevant discovery, as set out in their Rule 88 affidavits.

Other than the two objections addressed above, the Defendants do not object to the amounts sought by Plaintiffs under my Order. I have reviewed the itemized billing statements submitted by Plaintiffs and conclude that the fees requested by Plaintiffs are reasonable, with the exception noted above regarding the preliminary injunction proceeding. Otherwise, therefore, I grant Plaintiffs' request in full.

---

[66] Pls.' Rule 88 Reply ¶ 19.

**III.   Conclusion**

Plaintiffs' Motion for Sanctions for spoliation is GRANTED.  In addition to shifting Plaintiffs' reasonable fees related to their motion to compel through January 2023, Plaintiffs' reasonable fees incurred in preparing for and attending the August 2, 2023 evidentiary hearing are also shifted to the Cusick Defendants. Plaintiffs should submit an appropriate affidavit.  Going forward, where the evidence is incomplete and it is reasonable to infer that potential evidence has been deleted, I will draw relevant inferences in favor of Plaintiffs. The Cusick Defendants' opposition to Plaintiffs' Rule 88 affidavits is GRANTED in part and DENIED in part.  The parties should submit an appropriate form of order.


Sincerely,

*/s/ Sam Glasscock III*
Vice Chancellor