SUPERIOR COURT
OF THE
STATE OF DELAWARE

PATRICIA A. WINSTON
JUDGE

LEONARD L. WILLIAM JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-2549

## VIA FILE AND SERVE EXPRESS

Gabriel DiLeonardo, Esquire
DiLeonardo Law LLC
101 Concord Ave, Suite 204
Wilmington, DE 19802

Seth Yeager, Esquire
Law Offices of Wade A. Adams, III
111 Continental Drive, Suite 309
Newark, DE 19713

Lisa Grubb, Esquire
Lisa Maeyer, Esquire
Marshall, Dennehey, PC
P.O. Box 8888
Wilmington, DE 19899

Submitted: August 30, 2024
Decided: October 31, 2024

Re: ***Karen Hugo and Charles Hugo v. Wawa, Inc., Wawa Store #801, G.P. Development Corporation, Robert A. Goldenberg, Estate of Ivan M. Popkin, Estate of Joan Goldenberg, and Susan A. Popkin,* C.A. N23C-07-006 PAW**

Dear Counsel:

This letter addresses Defendants' Motion to Dismiss the complaint on the grounds of failure to prosecute and discovery delinquency, alleging that the Plaintiff has not responded to the Interrogatories, nor complied with the Court's January 2024

Order.[1]  For the reasons that follow, Defendants' Motion to Dismiss is **DENIED.**

## I.     FACTUAL AND PROCEDRUAL BACKGROUND

Defendants filed a Motion to Compel against Plaintiffs seeking a signed medical authorization, Rule 3(h) documents, and responses to Defendants' discovery requests,[2] which the Court granted in January 2024.[3]  Plaintiffs failed to comply with the Court's Order, and Defendants moved for dismissal.

Defendants' Motion to Dismiss for failure to prosecute and respond to discovery requests (the "Motion") was filed on March 5, 2024,[4] and Plaintiffs' response was due no later than April 8, 2024.[5]  On that date, Plaintiffs' Counsel filed a letter stating that this case, along with other active litigation matters, were being transferred.[6]  Thus, Plaintiffs' Counsel requested an extension to respond to the Motion or find additional counsel.[7]  After three additional letters requesting

---

[1] Docket Item ("D.I.") 21 ("Motion to Dismiss").

[2] D.I. 14.

[3] D.I. 18.

[4] D.I. 21.

[5] *See* D.I. 24.

[6] D.I. 26.

[7] *Id*.

extensions for similar circumstances,[8] the Court denied Plaintiffs' fourth request and set the final date for the Plaintiffs to respond by Monday, August 26, 2024.[9] Plaintiffs timely filed a response (the "Response").[10]

## II.    STANDARD OF REVIEW

Defendants seek dismissal of the Plaintiffs' Complaint with prejudice under Superior Court Rules 37(b) and 41(b) for failure of the plaintiff to prosecute or to comply with court rules.  Superior Court Civil Rules 41(b) governs the dismissal of a case for failure to prosecute. Rule 41 states in part:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these Rules, or any order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the Court in its order for dismissal otherwise specifies, a dismissal under this

---

[8] D.I. 31; D.I. 39; D.I. 42.

[9] D.I. 43.

[10] Plaintiffs' Response was submitted on August 26, 2024, at 7:42 P.M.  D.I. 44. Defendants' Counsel contacted the Court to request the Court grant the Motion on the grounds that the Plaintiffs' Response was submitted after 5 PM.  *See* D.I. 45; D.I. 46.  On July 18, 2018, the Delaware Supreme Court ordered that submissions must be filed before 5 PM to be considered timely.  However, Plaintiffs' Counsel submitted evidence to the Court of a system-wide outage of File & ServeXpress which was outside of Counsel's control and caused the delay.  *See* D.I. 47. Thus, because of the system-wide outage and the fact that the Response was submitted on August 26, 2024, the Court will consider the Plaintiffs' Response submitted at 7:42 P.M. to be timely.  However, the Court notes that the system-wide outage acts as a determinative factor in the Court's decision, and, without justification, filings after 5 P.M. cannot be considered timely.

subdivision ... operates as an adjudication upon the merits.[11]

Under Superior Court Civ. R. 37(b)(2)(C), the Court may enter an order dismissing an action for failure to provide discovery and for failure to comply with a Court order compelling discovery.[12] The dismissal of an action for want of prosecution or for failure to provide discovery rests within the sound discretion of the Court.[13] The Delaware Supreme Court has held that "the extreme remedy of dismissal with prejudice is too punitive .... [when] counsel, not plaintiff, bears much if not all responsibility for failure to comply with the Superior Court orders."[14]

## III.  ANALYSIS

The record demonstrates that Plaintiffs' Counsel, not Plaintiffs, bears much if not all responsibility for the Plaintiffs' failure to comply with this Court's orders.[15] Plaintiff's Counsel remained in communication with the Court regarding delays and has provided satisfactory explanations for his requests.[16] In response to the Motion,

---

[11] Super. Ct. Civ. R. 41(b).

[12] Super. Ct. Civ. R. 37(b)(2)(C).

[13] Super. Ct. Civ. R. 41; Super. Ct. Civ. R. 37.

[14] *Rittenhouse Associates v. Frederic A. Potts & Co., Inc.*, 382 A.2d 235, 236 (Del. 1977).

[15] D.I. 44 ("Plaintiff's Response").

[16] *See* D.I. 26, 31, 39, 42; *see also* D.I. 44 (explaining the necessity of the previously granted extensions).

Plaintiffs' Counsel explained the personal and professional reasons behind the delay and emphasized that Karen and Charles Hugo were not at all responsible for the delay.[17] Plaintiffs' Counsel further clarified that he is willing, able, and prepared to proceed with the case at this time.[18] Accordingly, Defendants' contentions regarding Plaintiffs' alleged failure to prosecute are moot, and the Court will not dismiss the action under Civ. R. 41.

Defendants broadly argue that the Plaintiffs' failure to produce the discovery by the required date under the scheduling order caused unnecessary delay and expense and was thus inherently prejudicial.[19] The Court disagrees. The record reflects that Defendants suffered no definable or measurable prejudice resulting from the delay thus far that would warrant dismissal of the Plaintiffs' claims with prejudice. Further, following the filing of their Response, Plaintiffs responded to Defendants' discovery requests.[20] Accordingly, Defendants' contentions regarding the Plaintiffs' failure to comply with the Court's order and to provide discovery are moot, and the Court will not dismiss the action under Civ. R. 37(b).

---

[17] D.I. 44.

[18] *Id.*

[19] D.I. 45; D.I. 46.

[20] D.I. 48.

Because Defendants' contentions are moot, and because Plaintiffs' Counsel bears sole responsibility for the alleged failure to prosecute and to comply with the Court's Order, the Court will decline to utilize the extreme remedy of dismissal with prejudice.

## IV.  CONCLUSION

Accordingly, Defendants' Motion to Dismiss pursuant to Superior Court Civil Rules 37 and 41 is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**