**SUNDOR ELECTRIC, INC., a corporation of a State other than the State of Delaware, Defendant below, Appellant,**

v.

**E. J. T. CONSTRUCTION CO., INC., a Delaware Corporation, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Dec. 2, 1974.

Decided April 17, 1975.

R. Brandon Jones, Dover, for defendant below, appellant.

John J. Schmittinger of Schmittinger & Rodriguez, Dover, for plaintiff below, appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This appeal is from an order of the Superior Court entering a default judgment against defendant for failure to answer interrogatories.

I

The action is for breach of contract with damages claimed of more than $25,000. On March 1, 1974 defendant was ordered to answer interrogatories not later than

**652**

March 15. The Court deferred a ruling on plaintiff's motion to award counsel fees (sought because of delay in answering the interrogatories) and permitted defendant to state any objection to specific questions at the time the answers were filed. In a writing filed on March 13 defendant answered some of the interrogatories and objected to others.

On March 15 plaintiff moved for a default judgment and in granting the motion the Superior Court stated:

> "Under Rule 37(a)(3) the answers to interrogatories 1, 2, 3, 4, 5, 6, & 7 are evasive and incomplete. Judgment is entered against the defendant in accordance with Rule 37(b)(2)(c)."

This appeal followed.

## II

■■■ Superior Court Rule 37(b)(2)(C), like the comparable Federal Rule, permits a judgment by default against a party who fails to comply with an order of Court. Judgment by default is, of course, the extreme remedy and generally speaking the Rule has been interpreted to require "some element of wilfulness or conscious disregard of the order" before such a sanction is imposed. 4A Moore's Federal Practice (2 ed) § 37.03[2.--5].[1] It has been frequently held that a motion for such a judgment will be granted "if no other sanction would be more appropriate under the circumstances." Annot., 6 A.L.R.3d 713 Pretrial Proceedings § 11. To state it otherwise, sanctions provided by the Rule for failure to make discovery "are not ordinarily applied where there has been an active, good faith effort to comply." Annot., 2 A.L.R.Fed. 811 Discovery—Failure to Obey § 2. See Warner v. Warner Co., Del.Super., 4 Storey 478, 180 A.2d 279 (1962).

On appeal the issue is whether or not the Trial Court abused its discretion. See Williams v. Hall, Del.Super., 4 Storey 350, 176 A.2d 608 (1961).

## III

■■ We agree with the conclusion of the Trial Court that the answers to the questions were evasive and that sanctions were appropriate but, in our view, judgment by default was too severe a penalty. For that reason the judgment must be reversed. We note particularly the absence of wilfulness in defendant's conduct, the relatively short period of time involved and that defendant did file answers within the time specified by the Court.[2] And defendant was specifically permitted by the Court to include objections to questions with the answers to others. That procedure contributed to the procedural impasse.

It seems to us that, under the circumstances found in the record, counsel for defendant (local and out-of-State), and not the party, bear the responsibility for preparing and filing such an inadequate document and must therefore answer for it. Sanctions may be imposed upon counsel under Rule 37(b)(2), which specifically provides:

> "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order *or the attorney advising him* or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.)

---

1. See, e. g., Trans World Airlines v. Hughes, 2 Cir., 449 F.2d 51 (1971), in which a default was entered because of defendant's "repeated and contumacious" refusal to appear for his disposition.

2. It appears that the principal shareholder of the corporate defendant, acting as agent, made with plaintiff the oral contract which is the subject of this action. His death prior to initiation of discovery apparently put a burden on defendant in answering the interrogatories.

* * *

The judgment of the Superior Court is reversed with directions to strike the order of default, to require further and complete answers by defendant, and to hold a hearing for the purpose of determining what amount defendant's attorneys should be required to pay by way of sanction under Rule 37(b)(2).