IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICKY THOMPSON, | § | No. 558, 2015 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N14C-07-203 |
| NORA BETH KIRBY, | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: February 5, 2016
Decided: April 25, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## O R D E R

This 25th day of April 2016, after careful consideration of the parties' briefs on appeal and the Superior Court record, it appears to the Court that:

(1) The *pro se* appellant, Ricky Thompson, has appealed the Superior Court's dismissal of his personal injury complaint filed with the assistance of counsel in July 2014. The complaint alleged that Thompson was injured in an automobile accident caused by the appellee, Nora Beth Kirby. Having found no merit to the appeal, we affirm the Superior Court's judgment.

(2) The record reflects that Kirby, through her counsel, answered Thompson's personal injury complaint and served interrogatories and a request for production of documents (hereinafter "discovery request") on

Thompson. When Thompson did not respond to the discovery request and to Kirby's letter requesting the belated response, Kirby filed a motion seeking an order compelling Thompson to respond. Ten days later, Thompson's counsel filed a motion to withdraw as counsel. Both the motion to compel and the motion to withdraw were noticed for a hearing on June 23, 2015. A copy of the motion to withdraw was served on Thompson.

(3) Thompson did not attend the June 23 hearing on the motion to compel and the motion to withdraw. After the hearing, the Superior Court issued written orders granting both motions. The order granting the motion to compel required Thompson to respond to Kirby's discovery request within forty-five days. By letter dated June 23, 2015, the Superior Court sent the orders to Thompson with the following explanation:

> As a party in this case – indeed, the party who initiated the litigation – you are required to respond to discovery requests. The Court found that you had been served with discovery requests and that you had not responded. You have forty-five (45) days to respond to the discovery requests. Please keep in mind that the Court can impose sanctions for the failure to respond to discovery.

(4) On September 18, 2015, Kirby filed a "motion for sanctions and/or motion to dismiss" under Superior Court Civil Rule 37.[1] Kirby

---

[1] Del. Super. Ct. Civ. R. 37 (governing failure to make discovery; sanctions).

2

requested dismissal of the complaint for Thompson's intentional failure to respond to the discovery request and to obey the June 23 order granting the motion to compel. Kirby's counsel indicated that he received a response from Thompson to the discovery request, but the response failed to answer the interrogatories and did not include requested medical records. Instead, according to Kirby's counsel, Thompson's response included "many documents related to his status as an Indigenous National of the International Indigenous Society" and demanded that counsel produce a "Registration Statement" before Thompson would answer the interrogatories.

(5) Thompson filed a document entitled "An Affidavit of Truth" opposing the dismissal of his complaint. In that document, Thompson stated:

> My [discovery] response to [Kirby's counsel] is that she hath to send me her Foreign Agent Statement that she filed with the Attorney General Office pursuant to 22 US Code 611 paragraph 2 and 22 US Code paragraph 1 . . . otherwise I could be speaking to a ghost or pirate[.] I don't know who you are[.] [I]dentify yourself[.] [W]hat is your nationality[?] You are using Color of law when you use all capital letter[.] [T]his is a violation of 18 US Code 1001, 241, 242.
>
> Stop referring to me as a Gollum ie A Frankenstein like creature created from Jewish Mysticism, Colored Man, Black Man, Straw Man etc. Color of Law is for Color People. If you don't send me your Foreign Agent Registration statement in seven Days this is proof that you are not able to represent

3

[Kirby] And you have committed fraud and must step down or be held liable for damages.

After receiving Thompson's response to Kirby's motion to dismiss, the Superior Court granted the motion and dismissed Thompson's complaint under Rule 37(b)(2)(C).[2] The court ruled that Thompson's "outright refusal to respond to legitimate and appropriate discovery requests is an intolerable abuse of judicial process." This appeal followed.

(6) On appeal, Thompson has filed an opening brief, a revised opening brief, and a document entitled "Affidavit of Truth," which was deemed to be his reply brief to the answering brief filed by Kirby's counsel. In his briefs, Thompson claims that the caption of the case in the Superior Court mistakenly identifies him as "Richard Thompson" rather than his given name "Ricky Thompson." Thompson does not explain how or why the error in the caption, which arose from the complaint and other initiating papers filed by his own counsel, is relevant to the dismissal of the complaint, and it does not appear that Thompson brought the error to the attention of the Superior Court. In the absence of the Superior Court's consideration of the claim of

---

[2] *Id.* at (b)(2)(C) (providing, in pertinent part, that a sanction for a party's failure to comply with a discovery order can include dismissal of the action or a judgment by default against the disobedient party).

4

error, and having discerned no basis or reason to consider the claim in the interest of justice, the Court has not considered the claim on appeal.[3]

(7)    Thompson's briefs on appeal consist of an amalgam of citations to the United States Constitution and Code and an assortment of arguments, "statements of fact," legal maxims, and non-record documents. Other than claiming error in the case caption, Thompson's briefs bear no apparent relationship to his complaint or this appeal. While we afford *pro se* litigants some degree of leniency in fulfilling the Court's briefing requirements, an appellant's brief, at the very least, must set forth some argument that is capable of review.[4] In this case, Thompson's briefs set forth no discernible claim of error in the Superior Court's dismissal of his complaint.

(8)    Rule 37 permits the Superior Court to dismiss the claims of a party who fails to permit or provide discovery.[5] But because dismissal is a severe sanction, "'this Court has interpreted Rule 37(b)(2)(C) to require a showing of an element of wilfulness or conscious disregard of court-ordered

---

[3] Del. Supr. Ct. R. 8 (governing questions which may be raised on appeal).

[4] *Rodriguez v. State*, 2014 WL 1513282 (Del. April 16, 2014) (citing *Yancey v. Nat'l Trust Co.*, 1998 WL 309819 (Del. May 19, 1998)).

[5] *Supra* notes 1–2.

5

discovery before such sanction is imposed.'"[6] Dismissal is appropriate "if no other sanction would be more appropriate under the circumstances."[7]

(9)     This Court reviews a dismissal of an action for failure to provide discovery under an abuse of discretion standard.[8]   In this case, having considered the parties' briefs on appeal, and under the circumstances as reflected in the available record, we find no abuse of discretion in the dismissal of Thompson's complaint under Rule 37(b)(2)(C) for his failure to comply with the Superior Court's June 23 discovery order.

NOW, THEREFORE IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[6] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) (quoting *Holt v. Holt*, 472 A.2d 820, 823 (Del. 1984) (citing *Sundor Elec., Inc. v. E.J.T. Constr. Co.*, 337 A.2d 651, 652 (Del. 1975))).

[7] *Id.*

[8] *Id.* (citations omitted).