# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JANET BATCHELOR, )
 )
 )
 )          **C.A. No. K17C-11-001 NEP**
PLAINTIFF, )          **In and For Kent County**
 )
 )
v. )
 )
 )
ALEXIS PROPERTIES, LLC, )
BB PROPERTIES OF DELAWARE, )
LLC, JOHN WELCOME d/b/a )
WELCOME HOME REALTY, and )
LIVEINDE.COM, INC., )
 )
 )
DEFENDANTS. )

Submitted: May 17, 2019
Decided: June 5, 2019

## ORDER

*Upon Motion for Sanctions of Defendants Alexis Properties, LLC, John Welcome d/b/a Welcome Home Realty, and Liveinde.com, Inc.*

***GRANTED*** *in part and* ***DEFERRED*** *in part*

Before the Court is the Motion for Sanctions (hereinafter the "Motion") of Defendants Alexis Properties, LLC, John Welcome d/b/a Welcome Home Realty, LLC, and Liveinde.com, Inc. (hereinafter collectively the "Moving Defendants"), against Ms. Janet Batchelor (hereinafter "Plaintiff"). The Moving Defendants seek sanctions due to Plaintiff's failure to respond to discovery. Oral argument was held on the Motion on May 17, 2019. Counsel for the Moving Defendants and for Defendant BB Properties of Delaware, LLC, appeared, but Plaintiff, who is self-

represented, failed to appear. Following oral argument, the Court took the matter under advisement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and relevant procedural history as reflected by the record are, briefly, as follows.

On March 14, 2019, a hearing was held before the Commissioner regarding various motions, including a motion to compel filed by the Moving Defendants due to Plaintiff's failure to respond to interrogatories and requests for production that the Moving Defendants had served upon her on January 7, 2019. Following the hearing, the Commissioner ordered that Plaintiff respond to the outstanding discovery requests by April 15, 2019, and that failure to do so could result in sanctions, including but not limited to "adverse findings of fact and/or dismissal of Plaintiff's action." Plaintiff did not request reconsideration of the Commissioner's order pursuant to Superior Court Civil Rule 132(a)(3)(iv).

Plaintiff served responses to the discovery requests on the Moving Defendants on April 18, 2019, three days after the deadline set by the Court on March 14. On April 26, 2019, the Moving Defendants filed the Motion, and noticed the Motion to be heard before the Court on May 17, 2019. In their Motion, the Moving Defendants asserted that Plaintiff's responses were "materially deficient" in that Plaintiff (1) had refused to answer 12 interrogatories; (2) had provided insufficient answers that lacked significant portions of the requested information in at least another 12

2

interrogatories; and (3) had refused to provide any of the requested documentation in response to 36 separate requests for production.

Pursuant to Superior Court Civil Rule 78(b), Plaintiff was required to file a written response to the Motion no later than May 13, 2019; she failed to do so. As previously stated, Plaintiff failed to appear for the hearing on the Motion on May 17, 2019.

The Moving Defendants request that the Court sanction Plaintiff by dismissing the action. In the alternative, they request that Plaintiff's claims for consequential and punitive damages be stricken. Defendants also request an award of attorney's fees and costs pursuant to Superior Court Civil Rule 68 if Plaintiff's action is dismissed, or pursuant to Superior Court Civil Rule 37(b)(2)(E).

## II. STANDARD OF REVIEW

Superior Court Civil Rule 37(b)(2)(C) permits this Court to dismiss the claims of a party who fails to provide discovery or who violates court-ordered discovery obligations.[1] The Court may also dismiss the claims of a party for failure to prosecute or comply with the Court's rules.[2] However, because dismissal is a severe sanction, "this Court has interpreted Rule 37(b)(2)(C) to require a showing of an element of willfulness or conscious disregard of court-ordered discovery before such

---

[1] Del. Super. Ct. Civ. R. 37(b)(2)(C); *see also Ferro v. Hernandez*, 2014 WL 4693171, at *7 (Del. Super. Aug. 28, 2014).
[2] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 716-17 (Del. 2008).

3

sanction is imposed."[3] Other sanctions are often more appropriate as "the important goal of timely adjudications must be balanced against the strong policy in favor of decisions on the merits."[4] Dismissal is only appropriate "if no other sanction would be more appropriate under the circumstances."[5]

The Delaware Supreme Court in *Hoag, supra,* adopted various factors to consider in assessing a decision to dismiss an action for failure to prosecute or comply with the court's rules or orders. These factors, which need not all be met, include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[6]

## III. DISCUSSION

The Moving Defendants argue that dismissal is warranted, as Plaintiff has willfully and consciously disregarded the Court's Order by failing to provide any of the requested documentation and refusing to answer or insufficiently answering more than half of the interrogatories. Additionally, the Moving Defendants assert

---

[3] *Id.* at 717 (quoting *Holt v. Holt*, 472 A.2d 820, 823 (Del. 1984)).
[4] *Hoag*, 953 A.2d at 717 (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001)).
[5] *Hoag*, 953 A.2d at 717.
[6] *Hoag,* 953 A.2d at 718 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

that Plaintiff has demonstrated a history of dilatoriness in her litigation tactics and motion practice, causing Defendants to incur substantial costs and attorney's fees to defend against Plaintiff's claims.

The Court has reviewed the Moving Defendants' discovery requests, as well as a letter submitted to Plaintiff on April 23, 2019, by counsel for the Moving Defendants, to which Plaintiff failed to respond, which explained in detail the deficiencies in Plaintiff's responses. The Court has also reviewed Plaintiff's responses to the discovery requests, which were largely inadequate, especially as to the finance-related questions and complete lack of production of documentation.[7]

In applying the *Hoag* factors above, the Court finds that Plaintiff's failure to provide substantive responses to a number of the interrogatories or to produce any documentation, together with Plaintiff's failure to respond to the Motion and to appear at the hearing on the Motion on May 17, 2019, indicates a willful and conscious disregard of Court-ordered discovery. However, as stated in *Hoag*, "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort,"[8] and the Court must consider whether any other sanction would be appropriate.[9]

---

[7] In particular, the Court highlights the responses to Interrogatories #3, #5, #6, #9, #10, #33, #34, and #36, and to Requests for Production #1, #2, #3, #4, #5, #28, #29, and #31, which are attached to the Motion, as prime examples of materially deficient responses.

[8] *Hoag*, 953 A.2d at 717.

[9] *Id.* (citing *Sundor Elec., Inc. v. E.J.T. Constr. Co.*, 337 A.2d 651, 652 (Del. 1975) ("It has been frequently held that a motion for such a judgment will be granted if no other sanction would be more appropriate under the circumstances")).

In this case, the Court finds that Plaintiff's actions warrant an award of monetary sanctions pursuant to Superior Court Civil Rule 37(b)(2)(E), but that dismissal would be premature at this juncture.

Looking to the specific *Hoag* factors, Plaintiff is personally and completely responsible for her violations of Court-ordered discovery; there are no other parties to blame.[10] Moreover, the Moving Defendants have suffered prejudice by being forced to expend resources in requesting that the Court compel responses to the discovery requests and in seeking sanctions for Plaintiff's inadequate response to the Court's orders. Additionally, the Court agrees that the Moving Defendants have suffered prejudice to their ability to defend against Plaintiff's claims for consequential and punitive damages due to the insufficiency of Plaintiff's responses to Defendants' discovery requests. However, the immediate prejudice to the Moving Defendants of being forced to file dispositive motions or prepare for trial has been relieved by the Court's continuance of all deadlines and dates in the case pending a final decision on this Motion.[11]

As to the third and fourth *Hoag* factors, Plaintiff has shown a history of dilatoriness throughout these proceedings and a willful and conscious disregard of Court orders. Following the hearing held on March 14, 2019, Plaintiff was ordered

---

[10] *Cf. Hernandez*, 2014 WL 4693171, at *12 (reaching similar conclusion with respect to discovery violations).

[11] Should Plaintiff continue to refuse to respond to discovery, the Moving Defendants will be materially prejudiced with regard to their ability to seek appropriate dispositive relief and/or prepare for trial, and this circumstance would then weigh substantially in favor of dismissal.

6

to respond to the outstanding discovery requests by April 15, 2019. Plaintiff was warned that failure to respond could result in sanctions including but not limited to adverse findings of fact or dismissal. Plaintiff served responses to the discovery requests on the Moving Defendants on April 18, 2019, three days after the deadline set by the Court. Additionally, Plaintiff failed to respond to the Motion and failed to appear for the hearing on this Motion held on May 17, 2019, and the Court takes note of the Moving Defendants' Certificate of Attempts to Resolve Motion, filed on April 26, 2019, which outlines various other instances where Plaintiff failed to respond or engage in meaningful communications with Defendants.

As for the fifth factor, the Court is certainly hopeful that the lesser sanction of a monetary penalty will induce Plaintiff to provide adequate responses to discovery. The Court will employ that sanction before turning to dismissal as a last resort.

Finally, with regard to the meritoriousness of Plaintiff's claims, the Court previously denied Defendants' Motions to Dismiss on February 23, 2018, holding that Plaintiff's claims were at least sufficient to survive Rule 12(b)(6) dismissal. However, the Court has had no opportunity to assess the meritoriousness of Plaintiff's claims to date.

Therefore, the Court is inclined to provide Plaintiff with one more opportunity to respond to Defendants' discovery requests before turning to the ultimate sanction of dismissal, *i.e.*, to see if sanctions other than dismissal may be effective, particularly given the Court's strong policy favoring deciding cases on the merits.

## IV.   CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Moving Defendants' Motion is **GRANTED** in part and **DEFERRED** in part.

The Court will **GRANT** the Moving Defendants' request for attorney's fees and costs pursuant to Rule 37(b)(2)(E), but in a lesser amount than that requested by the Moving Defendants:[12] the Court will award **$1,025.00** in sanctions which, upon examination of the Affidavit in Support of Attorney's Fees attached to the Motion, represents counsel's time spent preparing the Motion, and the approximately 1 hour spent by counsel at the May 17 hearing, and Plaintiff is hereby required to pay that amount to the Moving Defendants by no later than 30 days from the date of this order.

The Motion is **DEFERRED** as to the request for dismissal of Plaintiff's claims. Plaintiff will be allowed an additional 30 days from the date of this order to file adequate responses to the Moving Defendants' discovery requests, including producing all relevant documentation, such as any and all documentation regarding her financial accounts and relating to any businesses in which she has been involved. Plaintiff may redact financial account numbers, Social Security numbers, names of minor children, and dates of birth, but all other information shall be included. Following the expiration of 30 days, the Moving Defendants may file a revised motion for sanctions, if appropriate, should the Moving Defendants believe

---

[12]  The Moving Defendants have requested $2,500.00 for attorney's fees and costs.

Plaintiff's responses to be inadequate (including attaching the responses filed), or should Plaintiff fail to submit revised responses. Should the Moving Defendants fail to file a renewed motion for sanctions, they shall file a written report in letter form with the Court no later than 60 days from the date of this Order informing the Court as to the status of discovery and of the litigation.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:   Prothonotary
cc:   Janet Batchelor
       Michael G. Rushe, Esquire
       Daniel L. Huestis, Esquire
       Brian T. Riggin, Esquire